IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ANALYTICAL TECHNOLOGIES, LLC<br><br>v.<br><br>JACK IN THE BOX, INC. | §<br>§<br>§<br>§<br>§ | CASE NO. 2:24-cv-00052-JRG-RSP<br>(Lead Case) |
|---|---|---|
| ANALYTICAL TECHNOLOGIES, LLC<br><br>v.<br><br>ZAXBY'S FRANCHISING LLC | §<br>§<br>§<br>§<br>§ | CASE NO. 2:24-cv-00056-JRG-RSP<br>(Member Case) |

**DEFENDANT ZAXBY'S FRANCHISING LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Zaxby's Franchising LLC ("Defendant" or "Zaxby's"), submits this Reply in Support of Its Motion to Dismiss Plaintiff Analytical Technologies, LLC's ("Plaintiff" or "Analytical Technologies") Original Complaint for Patent Infringement filed on January 26, 2024 ("Complaint") and Plaintiff's Amended Complaint filed on June 20, 2024 ("Amended Complaint").

**ARGUMENT**

Zaxby's timely filed a Motion to Dismiss Plaintiff's Complaint on April 15, 2024 (the "Motion" or "Motion to Dismiss"). *See* Docket No. 12. Plaintiff never filed a response. Now, Plaintiff seeks to file an Amended Complaint adding two paragraphs under a new subheading entitled "[t]he claims include an inventive concept." *See* Docket No. 22 at PageID#115. The two additional paragraphs (¶¶ 34 and 35) of the Amended Complaint do not add a new cause of action, and do not suffice to overcome the arguments set forth in Zaxby's Motion.

The addition of paragraphs 34 and 35 do not overcome the arguments set forth in the pending Motion to Dismiss because they are merely conclusory statements that plead claim 1 of U.S. Patent No. 8,799,083 patent (the "'083 Patent") is "directed at a specialized 'post-dining system'" (*Id* at ¶ 34); and that such system is capable of performing certain additional features.

However, the additional features listed in paragraph 35 do not meet the standard set forth in *Alice*, and are merely an attempt to transform an abstract idea into something patent-eligible by adding well-understood, routine and conventional activities commonly used in the restaurant industry. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). As stated in the Motion, it is well settled that "the use of a generic [hardware] or computer technology to perform well-understood, routine, and conventional activities commonly used in industry," does not make a claim patent eligible. *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1348 (Fed. Cir. 2014); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F. 3D 1372 (Fed. Cir. 2017) (holding payment method using basic concepts to be abstract and lack any inventive concept).

Simply appending conventional steps such as basic customer payment method processing, self-checkout, surveys and loyalty rewards to an abstract idea cannot make that idea patentable. *See Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 132 S. Ct. 1289, 1300 (2012). There is no unconventional feature or activity disclosed in representative claim 1. This is especially true given that no special programming or improved component is claimed.

Analytical Technologies seems to concede the fact that the claimed invention is abstract (and thus meeting the first step of the *Alice* test (*See* Motion at pg. 10, Docket No.12 at PageID#74)) but seeks to prop the claimed invention up by simply pleading that it is "an inventive concept" in the Amended Complaint. *See* Docket No. 22 at PageID#115.

## CONCLUSION

For all the reasons set forth above and in its Motion, Zaxby's prays that this court grant its Motion and find the claimed invention is ineligible subject matter under *Alice*, and dismiss this case with prejudice.

Dated: July 2, 2024

Respectfully Submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Jason Mueller*
Jason Mueller [TBN 24047571]
Lauren A. Kickel [TBN 24132799]
909 Fannin Street, Suite 2700
Houston, TX  77010
T: 713.588.7000
F: 713.588.7050
Email: jmueller@vorys.com
Email: lakickel@vorys.com

Michael V. Messinger [448434DC]
1909 K Street NW, Suite 900
Washington, D.C.  20006
T: 202.467.8800
Email: mvmessinger@vorys.com

**ATTORNEYS FOR DEFENDANT
ZAXBY'S FRANCHISING, LLC**

## CERTIFICATE OF SERVICE

On this 2nd day of July 2024, I hereby certify that a true and correct copy of the foregoing document was served via electronic service through the Court's CM/ECF system on all counsel of record.

*/s/ Jason Mueller*
Jason Mueller