IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANALYTICAL TECHNOLOGIES, LLC § § § v. § § JACK IN THE BOX, INC. | **CASE NO. 2:24-cv-00052-JRG-RSP** (Lead Case) |
| ANALYTICAL TECHNOLOGIES, LLC § § § v. § § ZAXBY'S FRANCHISING LLC | **CASE NO. 2:24-cv-00056-JRG-RSP** (Member Case) |

**DEFENDANT ZAXBY'S FRANCHISING LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Zaxby's Franchising LLC ("Defendant" or "Zaxby's"), respectively files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement filed on June 20, 2024 ("Amended Complaint") by Analytical Technologies, LLC ("Plaintiff" or "AT") subject to Zaxby's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed April 15, 2024 and Zaxby's Reply in Support of Its Motion to Dismiss filed on July 2, 2024. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Zaxby's denies each and every allegation, matter, or thing contained in the Amended Complaint and states in response to each of the numbered paragraphs of said Amended Complaint as follows:

### I.   NATURE OF ACTION

1. Zaxby's admits that the Amended Complaint purports to assert claims for patent infringement. Zaxby's denies the merits of all such allegations and specifically denies that it has

committed any acts of patent infringement.

## II.   THE PARTIES

2. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 2 of the Amended Complaint and therefore denies them.

3. Zaxby's admits that Zaxby's is a company organized and existing under the laws of the State of Georgia, with its principal place of business at 1040 Founder's Boulevard, Athens, Georgia. Zaxby's admits that it may be served through its registered agent, C T Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## III.   JURISDICTION

4. Zaxby's admits that this action purports to be one that arises under the patent laws of the United States, Title 35 of the United States Code. The remaining allegation in paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Zaxby's denies the allegations in paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Zaxby's denies the allegations in paragraph 5.

6. Denied.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Zaxby's denies the allegations in paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Zaxby's denies the allegations in paragraph 8.

9. Zaxby's admits that Zaxby's restaurants are operated throughout the United States, including in Texas. To the extent a response is required, Zaxby's denies the allegations in paragraph 9.

10. Zaxby's admits the allegation in paragraph 10 that Zaxby's directly or indirectly owns property in Texas. Zaxby's denies the remaining allegations in paragraph 10.

11. Zaxby's admits that Zaxby's conducts business in the United States. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Zaxby's denies the remaining allegations in paragraph 11.

## IV.   VENUE

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Zaxby's denies the allegations in paragraph 12.

## V.   THE PATENT IN SUIT

13. Zaxby's admits that the '083 Patent issued on August 5, 2015. Zaxby's admits that Exhibit 1 purports to be a true and correct copy of the '083 Patent.

14. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 14 of the Amended Complaint and therefore denies them.

15. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 15 of the Amended Complaint and therefore denies them.

16. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 16 of the Amended Complaint and therefore denies them.

### Overview of the Technology

17. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 17 of the Amended Complaint and therefore denies them.

18. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 18 of the Amended Complaint and therefore denies them.

19. Zaxby's lacks sufficient knowledge and information to admit or deny the

allegations in paragraph 19 of the Amended Complaint and therefore denies them.

20. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 20 of the Amended Complaint and therefore denies them.

### The Patented Invention

21. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 21 of the Amended Complaint and therefore denies them.

22. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 22 of the Amended Complaint and therefore denies them.

23. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 23 of the Amended Complaint and therefore denies them.

24. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 24 of the Amended Complaint and therefore denies them.

25. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 25 of the Amended Complaint and therefore denies them.

26. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 26 of the Amended Complaint and therefore denies them.

27. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 27 of the Amended Complaint and therefore denies them.

28. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 28 of the Amended Complaint and therefore denies them.

### The Claims are Directed to Patentable Subject Matter

29. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 29 of the Amended Complaint and therefore denies them.

### The Claims are Directed to Solving an Existing Problem with Restaurant Ordering Systems

30. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 30 of the Amended Complaint and therefore denies them.

31. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 31 of the Amended Complaint and therefore denies them.

### The Claims are Not Directed to an Abstract Idea or Law of Nature

32. Denied.

33. Denied.

### The Claims Include an Inventive Concept

34. Denied.

35. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 35 of the Amended Complaint and therefore denies them.

### The Claims do Not Preempt their Field

36. Denied.

37. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 35 of the Amended Complaint and therefore denies them.

### The Claimed Method Could not be Performed Mentally or by Hand

38. Denied.

### VI. DEFENDANT'S SYSTEM AND SERVICES

39. Admitted.

40. Admitted.

41. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 39 of the Amended Complaint and therefore denies them.

5

42. Denied.

## VII.   FIRST CAUSE OF ACTION
### (Direct Infringement of the '083 Patent)

43. Zaxby's incorporated its responses to paragraphs 1-40 by reference as if fully set forth herein.

44. Paragraph 42 contains legal conclusion to which no response is required. To the extent a response is required, Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 42 of the Amended Complaint and therefore denies them.

45. Paragraph 43 contains legal conclusion to which no response is required. Zaxby's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 43 of the Amended Complaint and therefore denies them.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## VIII.   SECOND CAUSE OF ACTION
### (Indirect Infringement of the '083 Patent)

51. Zaxby's incorporated its responses to paragraphs 1-48 by reference as if fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

6

57. Denied.

58. Denied.

## IX.   PRAYER FOR RELIEF

Zaxby's denies the allegations contained in AT's Prayer for Relief and further denies that AT is entitled to any relief whatsoever, including any of the relief sought in paragraphs A-G of its Prayer for Relief.  AT's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and AT should take nothing.

## X.   JURY DEMAND

Zaxby's admits that the Amended Complaint sets forth a demand for a jury trial.

## GENERAL DENIAL

Without admitting or acknowledging that Zaxby's bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Zaxby's please the following defenses:

## FIRST DEFENSE
### (Non-infringement)

Zaxby's does not infringe and has not infringed any valid and enforceable claims of the '083 Patent, either directly, indirectly, under the doctrine of equivalents, or in any other manner.

## SECOND DEFENSE
### (Invalidity)

The '083 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, and 112.

## THIRD DEFENSE
### (Prosecution History Estoppel)

By virtue of statements made, amendments made, or positions taken during the prosecution of the Asserted Patents, AT is estopped from construing any claims of the Asserted Patent to cover or include, either literally or under the doctrine of equivalents, any Zaxby's product, system, or process.

## FOURTH DEFENSE
### (Equitable Doctrines)

AT is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

## FIFTH DEFENSE
### (Failure to Mark)

To the extent AT or any predecessor-in-interest to the Asserted Patent, or its licensee(s), failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Zaxby's actions allegedly infringe the Asserted Patent, Zaxby's is not liable to AT for any acts alleged to have been performed before Zaxby's received actual notice that they were allegedly infringing the Asserted Patent.

## SIXTH DEFENSE
### (Statutory Limit on Damages)

AT's claim for damages and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288. Without limitation, any claim for damages by AT is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement of the Asserted Patent. To the extent AT establishes any infringements of the Asserted Patent, it is limited to any established infringement occurring no more than six years before the filing of this lawsuit, pursuant to 35 U.S.C. § 286.

## SEVENTH DEFENSE
### (No Enhanced or Increased Damages)

AT is not entitled to enhanced or increased damages because Zaxby's has not engaged in any conduct that meets the applicable standard under 35 U.S.C. §§ 284 or 285. Additionally, AT fails to state a claim for willful infringement.

## EIGHTH DEFENSE
### (License; Exhaustion)

AT's claims for relief are barred or limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Zaxby's or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses, or a covenant not to sue, to one or more of the Asserted Patent, and/or under the doctrines of exhaustion, first sale, or full compensation.

## NINTH DEFENSE
### (No Attorneys' Fees or Costs)

AT is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

## TENTH DEFENSE
### (Lack of Standing)

To the extent that AT was not the sole and total owner of all substantial rights in any of the Asserted Patent as of the filing date of the Amended Complaint, AT lacks standing to bring one or more claims in this lawsuit.

## ELEVENTH DEFENSE
### (Failure to State a Claim)

AT has failed to plead its claims with sufficient specificity or factual support to place Zaxby's on notice of the claims AT is asserting against it, such that AT has failed to state a claim upon which relief can be granted.

## TWELFTH DEFENSE
(Absence of Damages)

AT has not suffered and will not suffer any injury or damages as a result of Zaxby's alleged conduct.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Zaxby's hereby reserves all affirmative defenses under Federal Rule of Civil Procedure 8, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in the case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1. Without admitting any of the allegations of the Amended Complaint other than those expressly admitted herein, and without prejudice to Zaxby's right to plead additional counterclaims as additional information becomes available, Counterclaim-Plaintiff Zaxby's alleges as follows against Counterclaim-Defendant AT.

## BACKGROUND

2. According to the allegations set forth in its Amended Complaint, AT claims to be the assignee and owner of the Asserted Patent. (Amended Compl. at ¶¶ 14-15, ECF No. 22.)

3. AT has accused Zaxby's of infringing the Asserted Patent. Zaxby's denies any of its products infringe any valid or enforceable claim in any of the Asserted Patent.

4. An actual case and controversy exist between Zaxby's and AT concerning the alleged infringement of one or more valid claims of the Asserted Patents and that controversy is ripe for adjudication by this Court.

## THE PARTIES

5. Zaxby's Franchising LLC is a limited liability corporation organized under the laws of the State of Georgia that maintains a principal place of business at 1040 Founder's Boulevard, Athens, Georgia.

6. AT Technology, Inc. is a limited liability company organized under the laws of the State of Wyoming that maintains a principal place of business at 1712 Pioneer Ave Suite 550, Cheyenne, Wyoming 82001.

## JURISDICTION AND VENUE

7. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over AT, at least because by initiating this lawsuit, AT has submitted to the jurisdiction of this District.

9. Venue for these Counterclaims is proper in this District.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of the '083 Patent)

10. Zaxby's incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Counterclaim as if fully set forth herein.

11. An actual controversy exists between Zaxby's and AT as to whether Zaxby's infringes the '083 Patent, as AT contends, or does not do so, as Zaxby's contends.

12. Zaxby's has been damaged by AT's filing of a lawsuit against Zaxby's based on a patent that Zaxby's does not infringe.

13. By this Counterclaim, Zaxby's seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '083 Patent either directly, indirectly, under the

doctrine of equivalents, willfully, or in any other manner, and is entitled to a declaration to that effect.

14. A judicial declaration is necessary and appropriate at this time such that Zaxby's may ascertain its rights and duties with respect to the '083 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

15. This is an exceptional case entitling Zaxby's to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## ZAXBY'S DEMAND FOR JURY TRIAL

16. Zaxby's hereby demands a jury trial on all issues so triable.

## ZAXBY'S PRAYER FOR RELIEF

Having answered AT's Amended Complaint and having asserted Affirmative Defenses and Counterclaims, Zaxby's respectfully seeks the following relief:

a. A judgment that Zaxby's has not infringed the '083 Patent;

b. A judgment that the '083 Patent is invalid and/or unenforceable against Zaxby's.

c. A judgement declaring this case exceptional under 35 U.S.C. § 285 and awarding Zaxby's its attorneys' fees and prejudgment interest, and an award to Zaxby's of all its costs of this action; and

d. Such other relief as the Court shall deem just and proper.

Dated: July 5, 2024

Respectfully Submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Jason Mueller*
Jason Mueller [TBN 24047571]
Lauren A. Kickel [TBN 24132799]
909 Fannin Street, Suite 2700
Houston, TX  77010

12

T: 713.588.7000
F: 713.588.7050
Email: jmueller@vorys.com
Email: lakickel@vorys.com

Michael V. Messinger [448434DC]
1909 K Street NW, Suite 900
Washington, D.C.  20006
T: 202.467.8800
Email: mvmessinger@vorys.com

**ATTORNEYS FOR DEFENDANT ZAXBY'S FRANCHISING, LLC**

## **CERTIFICATE OF SERVICE**

      On this 5th day of July 2024, I hereby certify that a true and correct copy of *Defendant Zaxby's, Inc.'s Answer to Plaintiff's Amended Complaint for Patent Infringement* was filed via the Court's CM/ECF system, which will effect service on all counsel of record listed below:

| | |
|---|---|
| Randall Garteiser<br>GARTEISER HONEA, PLLC<br>119 W. Ferguson Street<br>Tyler, Texas 75702<br>rgarteiser@ghiplaw.com | *Attorney for Plaintiff*<br>Analytical Technologies, LLC |

                                                       */s/ Jason Mueller*
                                                       Jason Mueller