IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANALYTICAL TECHNOLOGIES, LLC <br><br> v. <br><br> JACK IN THE BOX, INC. | § § § § § § | CASE NO. 2:24-cv-00052-JRG-RSP <br> (Lead Case) |

| | | |
|---|---|---|
| ANALYTICAL TECHNOLOGIES, LLC <br><br> v. <br><br> ZAXBY'S FRANCHISING LLC | § § § § § § | CASE NO. 2:24-cv-00056-JRG-RSP <br> (Member Case) |

### DEFENDANT ZAXBY'S OPPOSED MOTION FOR MISCELLANEOUS RELIEF

Defendant, Zaxby's Franchising LLC ("Zaxby's" or "Defendant"), respectfully requests the Court to consider Defendant Zaxby's Reply in Support of its Motion to Dismiss ("Zaxby's Reply") (Dkt. 28) filed on July 2, 2024, and Zaxby's Franchising LLC's Motion to Dismiss for Failure to State a Claim ("MTD"). (Dkt. 12.).  To the extent required, Defendant re-urges the motion and seeks consideration in light of all docket filings including the Complaint as amended.

### ARGUMENT

In *Rountree v. Dyson* the 5th Circuit explained that "defendants should not be required to file a new motion to dismiss simply because an amended pleading was filed while their motion was pending." 892 F.3d 681, 683 (5th Cir. 2018).  The court further ruled that "[i]f some of the defects raised in the original motion remain in the new pleading, the court may consider the motion as being addressed to the amended pleading." *Id.* at 684.  Thus, District courts are not required to moot a pending motion to dismiss the original complaint when an amended complaint is filed.

Rather, they have discretion to apply the pending motion to dismiss the original complaint to the newly filed amended complaint.

Zaxby's timely filed its MTD April 15, 2024, along with its Answer to the Complaint (Dkt. Nos. 12 and 13.)  Despite receiving a 14-day extension Plaintiff Analytical Technologies, LLC ("AT") did not respond to Zaxby's MTD, thereby effectively rendering Zaxby's MTD unopposed. Perhaps realizing this failure, AT attempted to obtain a second bite at the apple by filing a new "Complaint for Patent Infringement" (the new pleading was not identified in its title as "amended" but was designated in ECF as a First Amended Complaint (the "Amended Complaint")) (Dkt. 22). The Amended Complaint was filed June 20, 2024, thirty-nine (39) days after its extended deadline to respond to Zaxby's MTD.

As discussed in Zaxby's Reply,[1] AT's Amended Complaint merely adds two paragraphs under the generic subheading "[t]he claims include an inventive concept" that are devoid of any facts (new or material) (Dkt. 22, PAGE ID#115 ¶ 34-35.)  These two additional paragraphs are conclusory, self-serving and do not add new facts, a new claim or a new cause of action.  Thus, the two paragraphs (the only changes from the Original Complaint) have no substantive impact upon Zaxby's pending MTD—which remains unopposed and ready for consideration.

AT should not be given another bite at the apple based strictly on procedural tactics that delay judicial proceedings.  In accordance with Federal Rule of Civil Procedure ("FRCP") 1, procedural tools should not be over-used or misused, resulting in ineffective and delayed legal proceedings.[2]  New paragraphs 34 and 35 in the Amended Complaint merely spotlight facts previously identified in the asserted patents themselves by quoting "system of a restaurant" and post-dining system" (respectively) that Plaintiff concludes is a "specific solution to the existing

---

[1] AT did not respond to Zaxby's Reply.
[2] FED. R. CIV. P. 1; *See also* FED. R. CIV. P. 1 advisory committee's note to 2015 amendment.

problems with restaurant ordering systems." *See* Dkt. 22 at ¶34-35. However, merely adding a quote from the patents that AT concludes represent a "solution" for providing standard restaurant tasks, does not impact or update AT's alleged presentation of patentable subject matter. Even if the additional paragraphs somehow provide new characterizations of the patent claims, Zaxby's pending MTD is not moot, and adequately presents Plaintiff's arguments as to the patentability of the asserted claims as presented. As a result, the Amended Complaint does nothing to cure the deficiencies of the original Complaint and Zaxby's MTD remains unaltered by the Amended Complaint. For this reason, Zaxby's urges the Court to take up the pending MTD in light of the Original Complaint (modified by the addition of the chaff in paragraphs 34 and 35 of the Amended Complaint) and find the claims unpatentable subject matter for the reasons set forth in the unopposed MTD.

## **CONCLUSION**

Given the futility of the additions to AT's Amended Complaint, the arguments in Zaxby's MTD remain unchanged. Accordingly, Zaxby's respectfully requests the Court consider Zaxby's Motion to Dismiss (Dkt. 12) as well as Zaxby's Reply in Support of its Motion to Dismiss (Dkt. 28).

Zaxby's further moves that Defendant AT shall not be granted an opportunity to respond to Docket No. 12 nor Docket No. 28 given AT had ample opportunity to do so.

Dated: September 10, 2024

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE, LLP

*/s/ Jason Mueller*
Jason Mueller [TBN 24047571]
Lauren A. Kickel [TBN 24132799]
909 Fannin Street, Suite 2700
Houston, TX  77010
T: 713.588.7000
F: 713.588.7050
Email: jmueller@vorys.com
Email: lakickel@vorys.com

Michael V. Messinger [448434DC]
1909 K Street NW, Suite 900
Washington, D.C.  20006
T: 202.467.8800
Email: mvmessinger@vorys.com

**ATTORNEYS FOR DEFENDANT
ZAXBY'S FRANCHISING, LLC**

### CERTIFICATE OF CONFERENCE

I certify that on September 9, 2024, I conferred via electronic mail with Randall Garteiser, counsel for the plaintiff, regarding the foregoing motion. Mr. Garteiser did not respond and therefore this motion is to be considered opposed.

*/s/ Jason Mueller*
Jason Mueller

### CERTIFICATE OF SERVICE

On this 10th day of September 2024, I hereby certify that a true and correct copy of the foregoing document was served via electronic service through the Court's CM/ECF system on all counsel of record.

*/s/ Jason Mueller*
Jason Mueller

4